It appears from the record in this case that the subject merchandise was invoiced at 30½ cents per pound. Prior to entry, the customs broker consulted the office of the appraiser with respect to the value of this importation and submitted a copy of the invoice. The broker was instructed to make entry at 48 cents a pound and, accordingly, followed that advice in so doing. However, certain charges listed on the invoice were deducted as nondutiable for the reason that such charges had always been deducted, and the appraiser's office had always accepted such action.

A member of the brokerage firm, who testified on behalf of petitioner, stated that there was no intention to conceal any facts from the appraiser, or to defraud the revenue of the United States, or to pay anything less than the full amount of duties properly due and owing.

At the conclusion of the trial, counsel for the Government made the following statement:

Your Honors, we received a Customs agent report which reads as follows: "The appraised value exceeded the entered value by more than one per cent because the non-dutiable charges were not deducted by the appraiser through inadvertence."

It is thus evident that the undervaluation in this case was the technical result of the appraiser's inadvertence.

Based upon this record, we are satisfied that the entry of the merchandise at bar at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of said merchandise. This petition for remission is, therefore, granted.

Judgment will be entered accordingly.

**No. 62689.**—Bloch Winitz Co. v. United States, protests 259950–K(B), etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that certain items of the merchandise consist of narrow woven fabrics of cotton similar in all material respects to those the subject of *Beer Stern Import Corp.* v. *United States* (39 Cust. Ct. 294, C.D. 1944), the claim of the plaintiff was sustained.

**No. 62690.**—Concord Lace Co. et al. v. United States, protests 261471–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that certain items of the merchandise consist of narrow woven fabrics of cotton similar in all material respects to those the subject of *Beer Stern Import Corp.* v. *United States* (39 Cust. Ct. 294, C.D. 1944), the claim of the plaintiffs was sustained.